Robert Farris-Olsen
David K. W. Wilson, Jr.
MORRISON, SHERWOOD, WILSON & DEOLA
401 North Last Chance Gulch
Helena, MT  59601
(406) 442-3261
(406) 443-7294 (Fax)
rfolsen@mswdlaw.com
kwilson@mswdlaw.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, HELENA DIVISION**

| | |
|---|---|
| RYAN COMSTOCK and JENNA COMSTOCK,<br><br>    Plaintiffs,<br><br>v.<br><br>MCNEIL & MEYERS ASSET MANAGEMENT GROUP, LLC,<br><br>    Defendant. | Cause No.:  CV-17-118-H-SEH<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs, Ryan and Jenna Comstock, and bring this cause of action violations of the Fair Debt Collection Practices Act and the Montana Consumer Protection Act.

## PARTIES

1. Plaintiffs, Ryan and Jenna Comstock, are individuals residing in Helena, Lewis and Clark County, Montana.

2. Defendant McNeil & Meyers is a Louisiana corporation based in Metairie, Louisiana.

## VENUE AND JURISDICTION

3. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Specifically, this Court has jurisdiction under 15 U.S.C. § 1692k. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202. Defendant is also liable to the Plaintiffs pursuant to the laws of the State of Montana, which claims may be brought under the pendant jurisdiction of this Court.

4. Venue is proper in the Helena Division, pursuant to Rule 3.2 (b), Local Rules of Procedure and § 25-2-122, MCA in that the Plaintiffs reside in, and Defendant does business in the Helena Division.

## FACTS

5. On or about November 13, 2014, the Comstocks purchased a vacuum cleaner and two air filtration systems Northwest Air Supply for approximately $4,000 pursuant to a retail installment sales agreement.

6. The products were of incredibly poor quality, and quickly became non-functional after the purchase. The Comstocks returned one air filtration system immediately due to poor performance/failure.

7. The Comstocks tried multiple times to contact Northwest Air Supply about repairs and warranty coverage for the vacuum and other air filtration system, but there was no response from Northwest Air Supply.

8. As a result, the Comstocks stopped payments and the last payment the Comstocks made was on or about November 23, 2016. This left approximately $1,900 in remaining debt.

9. Subsequently, the alleged remaining debt for the units was assigned to McNeil & Meyers in the summer of 2017.

10. On or about September 25, 2017, Richard Johnson, a Senior Asset Recovery Manager called the Comstocks regarding the debt, and during a phone conversation, he threatened to seize the Comstock's home.

11. On information and belief, Mr. Johnson, and by extension, McNeil and Meyers had no intention of either bringing a legal action to seize

the Comstock's home, or to actually seize the home. Of course, McNeil and Meyers had no legal authority to seize the home.

12. During the same call on or about September 25, 2017, Mr. Comstock advised Mr. Johnson to discontinue calling Ms. Comstock and to only contact Mr. Comstock through his cell phone. Mr. Johnson refused to abide by the request.

13. Mr. Comstock also abruptly ended the call on or about September 25, 2017, while Mr. Comstock was attempting to obtain information regarding the debt and concerning McNeil & Meyers.

14. Also, on or about September 25, 2017, Mr. Johnson left a threatening voicemail on Mr. Comstock's cell phone. He threatened that he would call Mr. Comstock's place of employment and send an employment verification. During the message, Mr. Johnson did not identify himself as a debt collector.

15. A few days later, on or around September 28, 2017, the Comstocks received a letter from McNeil and Meyers stating that the Comstocks had not been in communication with McNeil & Meyers. The letter was untrue as on or about September 21 and 25, 2017, Mr. Comstock had spoken with an employee of McNeil & Meyers.

16. In the letter, McNeil & Meyers threatened Mr. Comstock that if the case went to Court, McNeil and Meyers would be entitled to their attorney fees. However, the original contract only provides that McNeil & Meyers would be entitled to 15% of the amount remaining due on the contract – or less than $300.

17. During the calls, messages and letter, McNeil and Meyers threatened the Comstocks with pursuing a legal action, but on information and belief, had no intention of doing so.

18. On or about October 24, 2017, McNeil & Meyers contacted Ms. Comstock's phone, without authority to do so, and in violation of Mr. Comstock's request that they only call his phone.

19. That same day, Mr. Comstock called McNeil & Meyers and spoke with an Alan Francis, who refused to address Mr. Comstock's concerns over McNeil & Meyers' debt collection activities.

20. Instead, Mr. Francis again threatened legal action, when McNeil & Meyers had no plans to pursue litigation.

21. Mr. Francis also advised Mr. Comstock that all prior calls had been recorded. Yet, Mr. Comstock had never been informed that any calls were being recorded.

22. McNeil & Meyers never contacted Mr. Comstock's employer and never sent an employment verification form.

23. As a result of these calls, messages, and correspondence, the Comstocks have suffered damages, including, but not limited to, emotional distress, loss of quality of life, lost time.

## Count One – Fair Debt Collection Practices Act

24. The preceding paragraphs are realleged as though set forth in full hereunder.

25. Plaintiffs are "consumers" pursuant to 15 U.S.C. § 1692a.

26. Defendant is a "debt collector" pursuant to 15 U.S.C. § 1692a.

27. Defendant was attempting to collect a "debt" pursuant to 15 U.S.C. § 1692a.

28. Defendant's violations of the FDCPA include, but are not limited to:

   a. Threatening to seize the Comstock's home without any legal authority, or intention to do so, in violation of 15 U.S.C. §§ 1692e(4), 1692e(5), 1692f(6);

   b. Threatening to pursue legal action to recover the debt without any intention to do so in violation of 15 U.S.C. § 1692e(5).

c. Refusing to stop contacting Ms. Comstock when directed to do so in violation of 15 U.S.C. §§ 1692c(a)(1), 1692f;

d. Refusing to provide information regarding the debt and information about McNeil & Meyers when requested.

e. Falsely stating that the Comstocks were not in communication with McNeil & Meyers in violation of 15 U.S.C. § 1692e(10).

f. Threatening to contact Mr. Comstock's employer without any present intention to do so in violation of 15 U.S.C. § 1692e(5).

g. Falsely representing that McNeil & Meyers would be entitled to its full attorney fees if it had to pursue legal action against the Comstocks in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), 1692f(1);

h. Recording its calls with Mr. Comstock, without providing the notice required by Montana law, in violation of 15 U.S.C. §1692f;

i. Failing to properly identify themselves as McNeil & Meyers when leaving a voicemail with Mr. Comstock in violation of 15 U.S.C. § 1692e(11).

j. Attempting to collect a debt during the 30 day dispute period in violation of 15 U.S.C. § 1692g(b).

29. As a result of these actions, Defendant is liable for actual and statutory damages, and attorney's fees pursuant to 15 U.S.C. § 1692k.

## Count Two– Montana Consumer Protection Act

30. The preceding paragraphs are realleged as though set forth in full hereunder.

31. Plaintiffs are a "consumer" under the MCPA.

32. Defendant was engaged in "trade or commerce."

33. Defendant's acts and/or practices were unfair and/or deceptive in violation of § 30-14-103, MCA. They include, but are not limited to, the violations of the FCPA as outlined in ¶ 27 above.

34. As a result of Defendant's actions, Plaintiffs suffered an ascertainable loss of money or property, and have suffered mental anguish and emotional distress.

35. Defendant is liable for Plaintiffs' actual or statutory damages, treble damages, and attorney's fees pursuant to § 30-14-133, MCA.

## PRAYER FOR RELIEF

WHEREFORE, The Plaintiffs pray for the following relief:

1. For actual damages, and statutory damages of $1,000, pursuant to 15 U.S.C. 1692k and § 30-14-133, MCA;

2. For attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k, and § 30-14-133, MCA.

3. For treble damages pursuant to § 30-14-133, MCA.

4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, F. R. Civ. P., Plaintiffs hereby demands a trial by jury of the issues triable by right by jury.

DATED this 28th day of December, 2017.

> By: /s/ Robert Farris-Olsen.
> Robert Farris-Olsen
> Morrison Sherwood Wilson & Deola PLLP
> *Attorneys for Plaintiffs*